# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Trupanion, Inc., | Case. No. |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| Embrace Pet Insurance Agency, LLC; and Cleverland Holdings LLC d/b/a Embrace Pet Insurance | |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Trupanion, Inc. ("Plaintiff" or "Trupanion") hereby alleges as follows for its complaint against Defendant Embrace Pet Insurance Agency, LLC and Cleverland Holdings LLC d/b/a Embrace Pet Insurance (Collectively "Defendants" or "Embrace").

4289964.1

## NATURE OF THE ACTION

1.     Trupanion was first to market with its revolutionary Trupanion Express software system. Trupanion Express enabled a new era of veterinary medicine by simplifying and enhancing pet insurance and by allowing pet owners nationwide to be financially capable of obtaining the best care possible for their pets. Trupanion invested significant amounts of time, money and engineering efforts to invent and develop the fundamental technologies underlying the Trupanion Express® software system. In recognition of Trupanion's technological innovations resulting from its development efforts, the U.S. Patent and Trademark Office awarded and issued the Trupanion Patents.[1]

2.     Embrace, knowing of Trupanion's significant investment and that Trupanion owns the Trupanion Patents, provides the infringing Embrace360[2] system that directly competes with Trupanion Express.

3.     Trupanion has brought this case to stop Embrace from infringing the Trupanion Patents.

## THE PARTIES

4.     Trupanion is a corporation incorporated in Delaware and has its principal place of business at 6100 4th Ave. South Suite 200, Seattle, WA, 98108.

---

[1] "Trupanion Patents" collectively refers to U.S. Patent Nos. 10,013,530 ("the '530 patent") and 10,255,993 ("the '993 patent").

[2] "Embrace360" collectively refers to the Embrace360 pet insurance application and associated software, including without limitation: (1) the customer portal called MyEmbrace; (2) the website embracepetinsurance.com; and (3) the Embrace Pet Insurance Mobile App.

4289964.1

5.     On information and belief, Embrace is a limited liability company incorporated and/or formed under the laws of the State of Ohio and has its principal place of business at 4530 Richmond Rd., Cleveland, OH 44128.

6.     On information and belief, Cleverland Holdings LLC d/b/a Embrace Pet Insurance is a limited liability company incorporated and/or formed under the laws of the State of Ohio and has its principal place of business at 4530 Richmond Rd., Cleveland, OH 44128.

## JURISDICTION AND VENUE

7.     This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the patent laws of the United States.

8.     Personal jurisdiction over Defendants is proper in this District because Defendants reside in this District; Defendants have transacted business within this District; and Defendants have caused tortious injury in this District by their infringement of the Trupanion Patents, which has injured Trupanion.

9.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b).

## FACTUAL BACKGROUND

10.     Trupanion, through its subsidiaries, is a leading provider of medical insurance plans for cats and dogs, i.e. pet insurance, throughout the United States. For almost two decades, Trupanion's medical insurance plans have given pet owners peace of mind so they can focus on their pets' recovery, not financial stress. Trupanion offers simple, fair, and comprehensive medical plans for cats and dogs that cover 90% of the eligible actual veterinary costs for unexpected illnesses and injuries with no payout limits.

4289964.1

11.     One of Trupanion's strengths is its commitment to innovation as a way to improve customers' lives and set the industry standard in customer experience. Thus, Trupanion has been on the leading edge of the industry by accomplishing many industry firsts.

12.     For example, in 2005, Trupanion became the first United States pet insurance provider to become licensed to provide its own underwriting. Trupanion owns the American Pet Insurance Company, which underwrites Trupanion branded insurance products, and which has earned a Financial Stability Rating of A, Exceptional, from Demotech, Inc.

13.     As another example, in 2007, Trupanion helped found the North American Pet Health Insurance Association (NAPHIA), the first trade association for the pet insurance industry. NAPHIA now includes more than a dozen different pet insurance companies from the pet health insurance sector, a sector that Trupanion has helped grow into a $1.4 billion per year sector. Trupanion's involvement with NAPHIA furthers Trupanion's commitment to high standards and transparency in the industry.

14.     In 2008, Trupanion was the first pet insurance company to be awarded a Seal of Acceptance by the American Animal Hospital Association (AAHA). The AAHA is the accrediting body for companion animal hospitals in the United States and Canada. The AAHA Seal of Acceptance signified that Trupanion offered a widely-available, affordable plan that was underwritten by a highly-rated company, and that allowed pet parents to use a veterinarian of choice.

15.     Trupanion was also the first company in the industry to bring to market a web-based system that allows the company to receive, process, approve and disburse payments for eligible claims within minutes. Trupanion markets this groundbreaking proprietary system under the name Trupanion Express.

16.     Trupanion spent years and tens of millions of dollars developing the technology underlying Trupanion Express. The money spent was significant when compared to the company's entire operations. Thus, one of the reasons for Trupanion's initial public offering was to finance the investment in Trupanion Express. Until Embrace released its infringing Embrace360 system, Trupanion was the only company in the market offering the technology.

17.     Trupanion Express integrates directly with a veterinarian hospital's practice management software and connects to the Trupanion Express backend—a cloud server run by Trupanion. The system was designed in conjunction with veterinarians and with the hospital teams in mind, to make their lives easier. With Trupanion Express, pets receive the best care possible, pet parents don't have to wait weeks for reimbursement, and veterinarians can recommend what they believe is the best course of medical treatment. The technology facilitates on-the-spot payment of bills at the time of checkout and electronic issuance of trial certificates, a type of offer made to pet owners whose pets have been examined by a veterinarian in the prior 24 hours to, in most states, enroll in a 30-day trial policy without any obligation. Trupanion applied for patents covering the technology, two of which later issued as the Trupanion Patents.

18.     It is no overstatement that Trupanion Express has revolutionized participating veterinary care providers' experience with respect to how their customers pay for pet healthcare:

- By integrating directly with the veterinarian hospitals' computer systems, claims are paid directly to the veterinarian with the customer coming out-of-pocket only for his/her co-pay.

- Trupanion Express allows veterinary offices to submit a Trupanion member's claim for payment, without paperwork, rather than waiting for the pet owner to

5

submit a claim and obtain reimbursement after the claim has been reviewed and processed.

- Most claims paid via Trupanion Express are paid within five minutes, i.e., before the customer leaves the veterinarian's office.

- Claims are processed seamlessly using the web application, in contrast to requiring a customer to fill out and submit claim forms.

- Participating veterinarians avoid credit card transaction fees for the funds remitted directly by Trupanion.

19. Trupanion Express also provides substantial benefits to veterinarians outside the claims experience. For example, Trupanion Express helps veterinarians view customer appointments, and enables veterinarians to quickly view insurance coverage for pets and the status of any open claims.

20. In short, Trupanion Express provides a critical product differentiation for Trupanion in the highly competitive pet insurance industry and sets Trupanion apart in the eyes of potential customers' most trusted source of information concerning their pets — their veterinarian. Trupanion Express® also makes existing customers more likely to be referral sources by elevating their experience. And in addition to providing an immense competitive advantage, Trupanion Express® improves operational efficiency by reducing Trupanion's claims and other processing costs.

21. On March 15, 2017, Trupanion informed members of the pet insurance industry, including Embrace's CEO at the time, that Trupanion had a pending patent application on the technology underlying Trupanion Express. More specifically, at a board meeting of NAPHIA,

Trupanion notified Mr. Ambrish Jaiswal, CEO of Embrace, that Trupanion's technology was patent pending.

22.     Embrace, knowing full well that Trupanion had heavily invested in the technology underlying Trupanion Express and that Trupanion had sought patent protection for it, released the infringing Embrace360 system to compete directly with Trupanion Express. The Embrace360 system mimics many of the aspects of Trupanion Express. For example, Embrace is a web-based system with a component that integrates with a veterinarian's Practice Information Management System (PIMS)—just like Trupanion Express. Embrace360 is compatible with PIMS made by Cornerstone, AVImark, ImproMed, and IntraVet—just like Trupanion Express. Embrace360 communicates with the PIMS to display pet insurance information for pets that are on the daily schedule of appointments for the veterinary hospital—just like Trupanion Express. Additionally, Embrace360 allows claims to be submitted electronically—again just like Trupanion Express.

23.     Embrace acknowledged on an August 17, 2017 episode of the Pet Insurance Guide Podcast that there was one other company who had beat Embrace360 to market. On that same podcast, Embrace was told that the other company had expended significant resources to develop the technology. On information and belief, Embrace knew that Trupanion was the other company who was first to market with the technology.

24.     While Embrace was competing with Trupanion, the applications that would become the Trupanion Patents were working their way through the U.S. Patent and Trademark Office. Then, in May of 2018, the U.S. Patent and Trademark Office issued a notice of allowance and Trupanion issued a press release informing the industry that it had received approval of a utility patent for the technology underlying Trupanion Express.

4289964.1

25.     At a June 6, 2018 NAPHIA board meeting that Embrace's CEO Mr. Jaiswal attended, Trupanion explained that it had received approval for a utility patent and that it would vigorously enforce them against infringers.

26.     The U.S. Patent Office awarded and issued the patent on July 3, 2018 as the '530 patent, which is asserted in this lawsuit.

27.     On August 20, 2018, Trupanion wrote a letter to Embrace notifying Embrace of the '530 patent and offering to work together to ensure that Embrace did not use any of Trupanion's intellectual property.

28.      Embrace responded in September of 2018 and confirmed that Embrace's lawyer had reviewed the '530 patent. The response further indicated that Embrace was relying on its own belief, and its lawyer's belief, "that Embrace's offerings avoid the claims of the '530 patent." Embrace did not elaborate on the reasons for these beliefs either in the letter or on a teleconference following up on the letter.

29.     Meanwhile, Trupanion's patent applications continued to work their way through the U.S. Patent and Trademark Office. In April of 2019, the Patent Office awarded and issued the '993 patent, which is also asserted in this case.

30.     On May 24, 2019, Trupanion wrote Embrace again and provided information from Embrace's website and a link to the August 17, 2017 episode of the Pet Insurance Guide Podcast, which featured an interview regarding Embrace360 with Embrace's director of Territory Outreach. Trupanion informed Embrace that this information contradicted Embrace's purported belief that it avoided the claims of the '530 patent. Trupanion also notified Embrace of the '993 patent and told Embrace that it must stop using Trupanion's patented technology.

4289964.1

31.     In June of 2019, Embrace responded. Embrace acknowledged the very serious nature of a charge of patent infringement. Embrace did not indicate that it had reviewed the '993 patent, despite acknowledging receipt of it. Embrace also did not mention any belief that Embrace avoided the claims of Trupanion's patents. Furthermore, Embrace did not address any of the information provided in Trupanion's May 2019 letter.

32.     After Trupanion received the June 2019 response from Embrace, both the podcast about Embrace360, and any mention of it, were abruptly scrubbed from the Pet Insurance Guide Podcast website. The link provided in Trupanion's May 2019 letter now points to a page that "can't be found."[3] However, the Internet Archive's Wayback Machine has an archived version of the webpage that used to be there.[4] In addition, a transcription of the podcast is attached to this complaint as Exhibit A. On information and belief, Embrace directed, or was otherwise involved in, the scrubbing of the Embrace360 podcast from the web in an attempt to cover up Embrace's infringement.

33.     Finally, in Embrace's last letter, it invited an explanation and pleading of detailed facts regarding infringement. Trupanion filed this complaint to provide Embrace with that explanation and pleading of detailed facts regarding infringement.

## OVERVIEW OF TRUPANION'S PATENTS-IN-SUIT

34.     United States Patent Number 10,013,530 ("the '530 patent"), entitled "Pet Insurance System and Method," was duly and legally issued on July 3, 2018, and names Kerri

---

[3] https://www.petinsuranceguidepodcast.com/2017/08/embrace-pet-insurance-introduces-embrace360-episode-45.html.

[4] https://web.archive.org/web/20171204215209/http://www.petinsuranceguidepodcast.com/2017/08/embrace-pet-insurance-introduces-embrace360-episode-45.html.

4289964.1

Marshall, Darryl Rawlings, Kathryn Plowman, and Chris Cappelletti as the inventors. Attached as Exhibit B is a true and correct copy of the '530 patent.

35.     The '530 patent claims, among other things:"13. A pet insurance system, comprising: a first veterinary practice system of a veterinary practice having a pet insurance component; a backend component remote from the veterinary practice comprising a processor, memory, a database and a plurality of lines of computer code configured to: communicate with the insurance component used by the first veterinary practice system over a communications path, receive from the insurance component over the communications path, one or more pieces of data about one of a treatment and a procedure for an animal by the veterinary practice and store the one or more pieces of data about the one or more treatments and procedures for the animal by the veterinary practice in the database; one or more user computing devices capable of being coupled to the backend component, each computing device comprising a processor, memory and a plurality of lines of computer code configured to: generate user interface, communicate with the backend component to request insurance coverage for the animal and receive an insurance offer from the backend component; a computing device at each veterinary practice having a processor, memory and a plurality of lines of computer code in a data integration component configured to: connect to the first veterinary practice system of the veterinary practice and communicate between the practice system and the backend component; the backend component further configured to receive the insurance coverage request for the animal, programmatically issue the insurance offer to the owner of the animal for insurance for the animal, generate an eligibility of insurance coverage for the animal when the insurance has been activated by the owner that is stored in the database and displayed at the veterinary practice that provided one or more treatments and procedures for the animal as patient insurance coverage

status and displayed at the user computing device as patient insurance coverage status, programmatically process a claim for the treatment(s) and procedure(s) for the animal based on the eligibility of insurance coverage status of the animal and pay an approved claim amount to the veterinary practice for the one or more provided treatments and procedures; and

a plug-and-play data integration system connected to the first veterinary practice system of the veterinary practice and in communication with the backend component, the plug-and-play data integration system receives data from the veterinary practice system, maps the data according to the backend system and sends the mapped data to the backed system, thereby limiting the data traffic between the backend component and the first veterinary practice system, the plug-and-play data integration system being plug-and-play integratable with a second or more different practice systems of the veterinary practice for connection thereto."

36.   Trupanion is the assignee of the entire right, title, and interest in the '530 patent.

37.   United States Patent Number 10,255,993 ("the '993 patent"), entitled "Pet Insurance System and Method," was duly and legally issued on April 9, 2019, and names Kerri Marshall, Darryl Rawlings, Katie Plowman, and Chris Cappelletti as the inventors. Attached as Exhibit D is a true and correct copy of the '993 patent.

38.   The '993 patent claims, among other things: "1. A pet medical insurance system, comprising: a backend component comprising a database system; one or more user computing devices coupled to the backend component over a communication path, each user computing device being configured for use by an owner of a patient and having a processor, memory and a plurality of lines of computer code; a computer system at a veterinary practice connected to the backend component over the communication path, the computer system comprising: a processor;

memory; and a first practice information management system of the veterinary practice having one or more modules for managing the veterinary practice; and a client being in communication with the first practice information management system; a plug-and-play express system connected to the first practice information management system of the computer system and configured for electronic communication with the backend component, wherein the plug-and-play express system retrieves data from the first practice information management system, maps the data according to the database system of the backend component and sends the mapped data to the backend component, thereby limiting the data traffic between the backend component and the first practice information management system, the plug-and-play express system being plug-and-play integratable with a second or more different practice information management systems for connection thereto; the backend component comprising: a processor, memory, and a plurality of lines of computer code configured to: communicate with the plug-and-play express system to request data from the first practice information management system, the plug-and-play express system accessing data from the first practice information management system of each veterinary practice, retrieve via the plug-and-play express system one or more pieces of data about a patient from the first practice information management system, and store the one or more pieces of data about the patient; each of the one or more user computing devices further configured to: communicate with the backend component to request insurance coverage for a particular patient, and receive an insurance offer from the backend component and allow activation of the insurance offer; and the backend component further configured to: receive the request for insurance coverage for the patient, generate an insurance coverage for the patient that is stored in the database when the insurance offer has been activated, and

12

communicate the insurance coverage for the patient to the veterinary practice computer system

through the plug-and-play express system; the veterinary practice computer system further

configured to display the communicated insurance coverage as a patient insurance coverage

status to the veterinary practice; and the backend component further configured to:

programmatically process a claim for one or more treatments and procedures for the particular

patient based on the insurance coverage status of the patient, and electronically pay an amount to

the veterinary practice for the one or more provided treatments and procedures at the time of

completion of the one or more provided treatments and procedures."

39.     Trupanion is the assignee of the entire right, title, and interest in the '993 patent.

## COUNT ONE (INFRINGEMENT OF '530 PATENT)

40.     Trupanion incorporates and realleges each and every allegation contained in the

foregoing paragraphs of this complaint, as though fully set forth herein.

41.     Embrace has infringed and continues to infringe the '530 patent by making, using,

selling, offering for sale, and/or importing into the United States, Embrace360, which embodies

or uses the inventions of the '530 patent in violation of 35 U.S.C. § 271(a). Exemplary evidence

and an exemplary chart mapping a claim to Embrace360 can be found in Exhibit C, which is

incorporated by reference into this complaint.

42.     Embrace has induced and continues to induce infringement of the '530 patent by

actively and knowingly inducing others to make, use, sell, offer for sale, or import Embrace360,

which embodies or uses the inventions of the '530 patent in violation of 35 U.S.C. § 271(b). On

information and belief, Embrace writes software for Embrace360 and designs Embrace360 to

operate in an infringing manner. Embrace causes Embrace360 to be made available through its

own website. Embrace also profits from third parties who use Embrace360. Embrace instructs

13

users to use Embrace360 in an infringing manner and provides technical support for such use, including on its website. Embrace knew of, or was willfully blind to, the existence of the '530 patent no later than the date it received a copy of this complaint. No later than that date, Embrace knew its actions would induce infringement by users of Embrace360. Additionally, Trupanion informed Embrace of the '530 patent through the May 24, 2019 letter. On information and belief, Embrace knew of, or was willfully blind to, the existence of the '530 patent no later than May 24, 2019. On information and belief, no later than that date, Embrace knew its actions would induce infringement by users of Embrace360. Additionally, Trupanion informed Embrace of the '530 patent through the August 20, 2018 letter. On information and belief, Embrace knew of, or was willfully blind to, the existence of the '530 patent no later than August 20, 2018. On information and belief, no later than that date, Embrace knew its actions would induce infringement by users of Embrace360. Additionally, Trupanion informed Embrace before the '530 patent issued that Trupanion had received approval for a patent and the '530 patent issued on July 3, 2018. On information and belief, Embrace knew of, or was willfully blind to, the existence of the '530 patent no later than July 3, 2018. On information and belief, no later than that date, Embrace knew its actions would induce infringement by users of Embrace360.

43.     Embrace has contributorily infringed and is continuing to contributorily infringe the '530 patent by selling or offering to sell Embrace360, knowing it to be especially made or especially adapted for practicing the invention of the '530 patent and not a staple article or commodity of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c). On information and belief, Embrace writes software for Embrace360 and designs Embrace360 to operate in an infringing manner. Embrace causes Embrace360 to be made available through its own website. Embrace also profits from third parties who use Embrace360.

Embrace instructs users to use Embrace360 in an infringing manner and provides technical support for such use, including on its website. Embrace knew of, or was willfully blind to, the existence of the '530 patent no later than the date it received a copy of this complaint. No later than that date, Embrace knew Embrace360 is especially made or adapted for a use or product that is both patented and infringing and that there is no substantial non-infringing use. Additionally, Trupanion informed Embrace of the '530 patent through the May 24, 2019 letter. On information and belief, Embrace knew of, or was willfully blind to, the existence of the '530 patent no later than May 24, 2019. On information and belief, no later than that date, Embrace knew Embrace360 is especially made or adapted for a use or product that is both patented and infringing and that there is no substantial non-infringing use. Additionally, Trupanion informed Embrace of the '530 patent through the August 20, 2018 letter. On information and belief, Embrace knew of, or was willfully blind to, the existence of the '530 patent no later than August 20, 2018. On information and belief, no later than that date, Embrace knew Embrace360 is especially made or adapted for a use or product that is both patented and infringing and that there is no substantial non-infringing use. Additionally, Trupanion informed Embrace before the '530 patent issued that Trupanion had received approval for a patent and the '530 patent issued on July 3, 2018. On information and belief, Embrace knew of, or was willfully blind to, the existence of the '530 patent no later than July 3, 2018. On information and belief, no later than that date, Embrace knew Embrace360 is especially made or adapted for a use or product that is both patented and infringing and that there is no substantial non-infringing use.

44.     On information and belief, Embrace knew of the existence of the '530 patent, and its acts of infringement have been willful and in disregard for the '530 patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct. Embrace

knew of, or was willfully blind to, the existence of the '530 patent since no later than the date it received a copy of this complaint. No later than that date, Embrace knew Embrace360 infringes the '530 patent. Additionally, Trupanion informed Embrace of the '530 patent through the May 24, 2019 letter. On information and belief, Embrace knew of, or was willfully blind to, the existence of the '530 patent no later than May 24, 2019. On information and belief, no later than that date, Embrace knew Embrace360 infringes the '530 patent. Additionally, Trupanion informed Embrace of the '530 patent through the August 20, 2018 letter. On information and belief, Embrace knew of, or was willfully blind to, the existence of the '530 patent no later than August 20, 2018. On information and belief, no later than that date, Embrace knew Embrace360 infringes the '530 patent. Additionally, Trupanion informed Embrace before the '530 patent issued that Trupanion had received approval for a patent and the '530 patent issued on July 3, 2018. On information and belief, Embrace knew of, or was willfully blind to, the existence of the '530 patent no later than July 3, 2018. On information and belief, no later than that date, Embrace knew Embrace360 infringes the '530 patent.

45.     Embrace's infringement has been, and continues to be knowing, intentional, and willful.

46.     Embrace's acts of infringement of the '530 patent have caused and will continue to cause Trupanion damages for which Trupanion is entitled to compensation, including enhanced damages, pursuant to 35 U.S.C. § 284.

47.     Embrace's acts of infringement of the '530 patent have caused and will continue to cause Trupanion immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. Trupanion has no adequate remedy at law.

4289964.1

48.     This case is exceptional and, therefore, Trupanion is entitled to an award of attorney's fees pursuant to 35 U.S.C. § 285.

## COUNT TWO (INFRINGEMENT OF THE '993 PATENT)

49.     Trupanion incorporates and realleges each and every allegation contained in the foregoing paragraphs of this complaint, as though fully set forth herein.

50.     Embrace has infringed and continues to infringe the '993 patent by making, using, selling, offering for sale, and/or importing into the United States, Embrace360, which embodies or uses the inventions of the '993 patent in violation of 35 U.S.C. § 271(a). Exemplary evidence and an exemplary chart mapping a claim to Embrace360 can be found in Exhibit E, which is incorporated by reference into this complaint.

51.     Embrace has induced and continues to induce infringement of the '993 patent by actively and knowingly inducing others to make, use, sell, offer for sale, or import Embrace360 which embodies or uses the inventions of the '993 patent in violation of 35 U.S.C. § 271(b). On information and belief, Embrace writes software for Embrace360 and designs Embrace360 to operate in an infringing manner. Embrace causes Embrace360 to be made available through its own website. Embrace also profits from third parties who use Embrace360. Embrace instructs users to use Embrace360 in an infringing manner and provides technical support for such use, including on its website. Embrace knew of, or was willfully blind to, the existence of the '993 patent no later than the date it received a copy of this complaint. No later than that date, Embrace knew its actions would induce infringement by users of Embrace360. Additionally, Trupanion informed Embrace of the '993 patent through the May 24, 2019 letter. On information and belief, Embrace knew of, or was willfully blind to, the existence of the '993 patent no later than May

24, 2019. On information and belief, no later than that date, Embrace knew its actions would induce infringement by users of Embrace360.

52.     Embrace has contributorily infringed and is continuing to contributorily infringe the '993 patent by selling or offering to sell Embrace360, knowing it to be especially made or especially adapted for practicing the invention of the '993 patent and not a staple article or commodity of commerce suitable for substantial non-infringing use in violation of 35 U.S.C. § 271(c). On information and belief, Embrace writes software for Embrace360 and designs Embrace360 to operate in an infringing manner. Embrace causes Embrace360 to be made available through its own website. Embrace also profits from third-parties who use Embrace360. Embrace instructs users to use Embrace360 in an infringing manner and provides technical support for such use, including on its website. Embrace knew of, or was willfully blind to, the existence of the '993 patent no later than the date it received a copy of this complaint. No later than that date, Embrace has known Embrace360 is especially made or adapted for a use or product that is both patented and infringing and that there is no substantial non-infringing use. Additionally, Trupanion informed Embrace of the '993 patent through the May 24, 2019 letter. On information and belief, Embrace knew of, or was willfully blind to, the existence of the '993 patent no later than May 24, 2019. On information and belief, no later than that date, Embrace has known Embrace360 is especially made or adapted for a use or product that is both patented and infringing and that there is no substantial non-infringing use.

53.     On information and belief, Embrace knew of the existence of the '993 patent, and its acts of infringement have been willful and in disregard for the '993 patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct. Embrace knew of, or been willfully blind to, the existence of the '993 patent no later than the date it

received a copy of this complaint. No later than that date, Embrace knew Embrace360 infringes the '993 patent. Additionally, Trupanion informed Embrace of the '993 patent through the May 24, 2019 letter. On information and belief, Embrace knew of, or was willfully blind to, the existence of the '993 patent no later than May 24, 2019. On information and belief, no later than that date, Embrace knew Embrace360 infringes the '993 patent.

54.     Embrace's infringement has been, and continues to be knowing, intentional, and willful.

55.     Embrace's acts of infringement of the '993 patent have caused and will continue to cause Trupanion damages for which Trupanion is entitled to compensation, including enhanced damages, pursuant to 35 U.S.C. § 284.

56.     Embrace's acts of infringement of the '530 patent have caused and will continue to cause Trupanion immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. Trupanion has no adequate remedy at law.

57.     This case is exceptional and, therefore, Trupanion is entitled to an award of attorney's fees pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Trupanion, respectfully requests the Court to enter judgment in favor of Trupanion and against Embrace as to all claims asserted herein as follows:

a) Adjudging that Embrace has infringed, actively induced infringement of, and contributorily infringed at least one claim of the Trupanion Patents in violation of 35 U.S.C. §§ 271(a), (b), and/or (c);

b) Granting an injunction and permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and

19

assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing, contributing to the infringement of, or inducing infringement of the Trupanion Patents;

c)   Ordering Embrace to account and pay damages adequate to compensate Embrace for Embrace's infringement of the Trupanion Patents, including for any infringing acts not presented at trial and pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

d)   Ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

e)   Declaring this case exceptional and awarding Trupanion its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285;

f)   Awarding Trupanion interest, including prejudgment and post-judgment interest, on the foregoing sums; and

g)   Awarding such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rules of Civil Procedure Rule 38, Trupanion demands a trial by jury on all issues so triable.

4289964.1

Dated: June 25, 2019                    Respectfully submitted,


                                        s/ *Dustin B. Rawlin*
                                        Dustin B. Rawlin, Esq. (0072870)
                                        Allison R. Burke (0096036)
                                        TUCKER ELLIS LLP
                                        950 Main Avenue, Suite 1100
                                        Cleveland, OH 44113
                                        Telephone:     (216) 592-5000
                                        Facsimile:     (216) 592-5009
                                        dustin.rawlin@tuckerellis.com
                                        allison.burke@tuckerellis.com

                                        James C. Yoon, *pro hac vice to be filed*
                                        WILSON SONSINI GOODRICH & ROSATI
                                        650 Page Mill Road
                                        Palo Alto, CA 94304-1050
                                        Telephone:     (650) 493-9300
                                        Facsimile:     (650) 493-6811
                                        jyoon@wsgr.com

                                        Erik J. Carlson, *pro hac vice to be filed*
                                        Ryan S. Benyamin, *pro hac vice to be filed*
                                        WILSON SONSINI GOODRICH & ROSATI
                                        633 West Fifth Street, Suite 1550
                                        Los Angeles, CA 90071-2027
                                        Telephone:     (323) 210-2900
                                        Facsimile:     (866) 974-7329
                                        ecarlson@wsgr.com
                                        rbenyamin@wsgr.com

                                        *Attorneys for Trupanion, Inc.*

4289964.1